IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

UNITED STATES OF AMERICA,　　　　*
　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　*
　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　*
ONE COBRA MODEL FS380 .380　　　*　　　　1:15-cv-142
PISTOL; SEVEN ROUNDS OF　　　　 *
HORNADY .380 CALIBER　　　　　　*
AMMUNITION; and ONE ROUND OF 　*
CCI .380 CALIBER AMMUNITION, 　*
　　　　　　　　　　　　　　　　*
　　　Defendants.　　　　　　　 *
　　　　　　　　　　　　　　　　*

---

**O R D E R**

---

Presently before the Court is the Government's Motion for
Default Judgment and for Final Order of Forfeiture and
Distribution. (Doc. 10.) For the following reasons, the Court
**GRANTS** the motion.

## I. BACKGROUND

On September 11, 2016, the Government filed a Verified
Complaint for Forfeiture *In Rem* against one Cobra Model FS380
.380 pistol, Serial Number FS086214; seven rounds of Hornady
.380 caliber ammunition, and one round of CCI .380 caliber
ammunition ("the Defendant Property"). (Doc. 1, Compl.) The
Complaint alleges that the Defendant Property is subject to
forfeiture pursuant to 18 U.S.C. § 924(d)(1) because it

"constitutes possession of firearms and ammunition by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year" in violation of 18 U.S.C. § 922(g)(1). (Id. ¶ 16.)

The Government attempted to serve Amos Jones, Jr. and Rokashia Cone with the Verified Complaint for Forfeiture In Rem and a warrant for arrest in September and November 2015 and January 2015. (Docs. 3, 6.) Additionally, the Government published the notice of forfeiture on its official website (www.forfeiture.gov) for thirty consecutive days beginning on September 15, 2015. (Doc. 5.) To date, no person has filed an answer to the Complaint or a claim to the Defendant Property in this action.

On December 11, 2015, the Government moved the Clerk of the Court to enter default and supported its motion with an affidavit. (Doc. 7.) On December 15, 2015, the Clerk entered default. (Doc. 8.) The Government now moves the Court to enter a default judgment and final order of forfeiture against the Defendant Property and any potential claimants. (Doc. 10.) The Government sent notice to Amos Jones, Jr. and Rokashia Cone of the pending motion for default judgment. (Doc. 11.)

## II. DISCUSSION

"Obtaining a default judgment is a two-step process: first, the plaintiff must seek an entry of default from the clerk of court; and second, after the clerk has made an entry of default,

the plaintiff can seek a default judgment." U.S. v. $11,000.00 in U.S. Funds, No. 5:08-CV-102, 2009 WL 198013, at *2 (M.D. Ga. Jan. 27, 2009) (citing FED. R. CIV. P. 55). "An entry of default and subsequent entry of default judgment are appropriate '[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend.'" Id. (quoting Fed. R. Civ. P. 55(a)) (alteration in original).

Where — as here — the Government brings a civil forfeiture action in rem which arises from a federal statute, it must comply with Supplemental Rule G of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions. See Fed. R. Civ. P., Supp. R. G(1) ("This Rule governs a forfeiture action in rem arising from a federal statute."); see also, e.g., $11,000.00 in U.S. Funds, 2009 WL 198013, at *2.

Based upon the facts currently before the Court, the Government appears to have fully complied with Supplemental Rule G. First, the Complaint was proper under Supplemental Rule G(2) because it was (a) verified, (b) stated the grounds for subject-matter jurisdiction and venue,[1] (c) described the property with

---

[1] The grounds for subject matter jurisdiction are 28 U.S.C. § 1345 (providing that district courts shall have original jurisdiction of all civil proceedings commenced by the United States) and 28 U.S.C. § 1355(a-b) (providing that district courts shall have original jurisdiction of forfeiture proceedings arising under federal law and that the forfeiture proceeding may be brought in the district where any of the acts or omissions giving rise to the forfeiture occurred). Here, the Defendant Property was seized in Richmond County, Georgia, which is within the Southern District of Georgia, Augusta Division. (Compl. ¶ 4.)

reasonable particularity, (d) stated the location of the property when it was seized and when the action was filed, (e) identified the federal statute under which the forfeiture action was brought, and (f) stated sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden of proof at trial.[2]  (See Compl.)

Second, the Government complied with Supplemental Rule G(4)'s notice requirements.  The Government sent a notice of forfeiture and a copy of the Verified Complaint to potential claimants Amos Jones, Jr. and Rokashia Cone.  See Fed. R. Civ. P., Supp. R. G(4)(b)(i),(iii) ("The government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant" and "notice must be sent by means reasonably calculated to reach the potential claimant.").  The Government also published the notice of forfeiture on its official website for thirty consecutive days, which satisfied the publication requirement under Rule G(4)(a)(i) and (iv)(C).

Supplemental Rule G(5) provides that a "person who asserts an interest in the defendant property may contest the forfeiture

---

[2] The factual allegations in the Verified Complaint, now admitted by default, are sufficient to establish that the Defendant Property is subject to forfeiture.  Specifically, "officers seized Defendant Property and arrested Jones on suspicion of violating Georgia Code § 16-11-131, which prohibits the receipt, possession, and transport of firearms by any person convicted of a felony offense." (Compl. ¶ 13.) Jones later pled guilty to having violated 18 U.S.C. § 922(g)(1) by unlawfully possessing the Defendant Property. (Compl. ¶ 16.)

by filing a claim in the court where the action is pending"
within thirty-five days from the date direct notice is sent or,
if direct notice was not sent to the claimant, within sixty days
after the first date of publication on the Government's official
website. See Fed. R. Civ. P., Supp. R. G(5)(a)(i),(ii). Once a
claimant has filed a claim to the seized property, the claimant
must also serve and file an answer to the forfeiture complaint
within twenty-one days after filing the claim. See Fed. R. Civ.
P., Supp. R. G(5)(b).

Here, neither a claim nor an answer has been filed, and the
time for filing has expired. This failure to plead or otherwise
defend the action warrants the entry of a default judgment
against all potential claimants to the Defendant Property
pursuant to Federal Rule of Civil Procedure 55.

## III. CONCLUSION

For the reasons stated above, the Government's Motion
for Default Judgment and for Final Order of Forfeiture and
Distribution is **GRANTED**. (Doc. 10.) Therefore, it is hereby
**ORDERED, ADJUDGED, AND DECREED** that:

1. The Defendant Property is hereby condemned and
   forfeited to the United States of America, and all
   right, title, claim and interest to the Defendant
   Property by Amos Jones, Jr. and Rokashia Cone, their
   heirs, successors, and assigns and all other persons
   and entities are vested in the United States of
   America;

2. Amos Jones, Jr. and Rokashia Cone, their heirs, successors, and assigns and all other persons and entities are forever barred from asserting a claim against the Defendant Property;

3. The U.S. Marshals Service or an authorized designee shall dispose of the Defendant Property according to law and regulatory procedures.

The Court **DIRECTS** the **CLERK** to enter judgment in favor of the Government pursuant Rule 58 of the Federal Rules of Civil Procedure upon the same terms and conditions as outlined in this Default Judgment and Final Order of Forfeiture and Distribution, **TERMINATE** all deadlines and motions, and **CLOSE** this case.

   **ORDER ENTERED** at Augusta, Georgia, this _30th_ day of March, 2016.

                                    _____
                                    HONORABLE J. RANDAL HALL
                                    UNITED STATES DISTRICT JUDGE
                                    SOUTHERN DISTRICT OF GEORGIA